IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **ANTONIO LEON MOSES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | CASE NO: 1:13-CV-0122-WLS-TQL |
| | : | |
| **L. LAMB, et. al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

Plaintiff Antonio Leon Moses, a state prisoner currently confined at the Telfair State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).

In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff fails to state a claim upon which relief may be granted or otherwise seeks relief from an immune defendant. See 28 U.S.C. §1915A(b).

In this case, Plaintiff's Complaint is a rambling narrative detailing the alleged injustice of his probation revocation. Plaintiff has named his parole officer, the chairman of the parole board,

and a presiding parole board member as defendants and seeks to recover compensatory damages for false imprisonment and an order for his immediate release from prison.

Plaintiff is first advised that release from jail is not a remedy that is available in a 42 U.S.C. § 1983 action. Preiser v. Rodriquez, 411 U.S. 475 (1973). Plaintiff may only pursue this type of relief in a 28 U.S.C. § 2254 action after he has exhausted all available remedies in state court. See Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 24l (1886)); see also O.C.G.A. § 9-14-1(a) & O.C.G.A. § 9-6-20. Plaintiff's §1983 Complaint thus does not state a claim for injunctive relief.

To the extent that Plaintiff seeks to recover civil damages in this case, he is advised that his claims are premature. Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

Id. at 486-87. Thus, a state prisoner cannot bring a § 1983 action in federal court which could potentially invalidate his conviction or sentence unless his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. Id. Heck, supra, applies equally to parole and probation revocation proceedings. See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 116 S. Ct. 148 (1995).

If proved, Plaintiff's various allegations of fabricated charges, retaliation, discrimination, and denials of due process on the part of Defendants would likely invalidate the revocation of his probation. Plaintiff has not alleged, and it does not appear, that Plaintiff's revocation has yet been

reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. As such, Heck bars Plaintiff's claims. See id. Plaintiff must return to the appropriate court and attempt to invalidate his probation revocation. If Plaintiff should succeed, he may then institute an action for damages under § 1983 in federal court.

Even if Plaintiff's claims were not barred by Heck, "individual members of a parole board are entitled to absolute quasi-judicial immunity from a suit for damages." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Parole officers likewise "enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties." Id.

Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted and also seeks monetary relief from immune defendants. The Complaint is accordingly **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of this dismissal.

**SO ORDERED**, this   16th   day of October, 2013.

/s/ W. Louis Sands
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT

jlr